IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRY SCOTT HUMPHREYS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:11-cv-4364-KOB-JEO |
| ) | |
| JOHN RATHMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is an action on a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 by a federal prisoner, Larry Scott Humphreys, acting *pro se*. (Doc.[1] 1). On August 27, 2014, the magistrate judge entered a report and recommendation, *see* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(1), recommending that the petition be denied. (Doc. 16 ("R&R")). The cause now comes to be heard on Petitioner's objections to the R&R. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), (3). (Doc. 19).

Petitioner is serving a 430-month term of imprisonment imposed by the United States District Court for the Eastern District of Tennessee, following Petitioner's guilty plea to two counts of armed bank robbery and two counts of using a firearm during and in relation to a crime of violence. He is currently serving that sentence at the United States Penitentiary in Florence, Colorado. When he filed this action in December 2011, however, he was serving his federal sentence at the Federal Correctional Institution in Talladega, Alabama, which is located within

---

[1]/    References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files system.

this judicial district.

In this court, Petitioner raises the following claims for habeas relief: (1) that the federal prosecutor breached the plea agreement, under which Petitioner was allegedly to receive a federal sentence that would run concurrently with state charges; (2) a general claim that his due process rights have been violated; (3) that he was improperly exposed to installment sentences; and (4) that the government created an impediment to him perfecting a motion to vacate or set aside his federal sentence pursuant to 28 U.S.C. § 2255, based on claims of ineffective assistance of counsel and prosecutorial misconduct.  (See Doc. 1 at 6-7; Doc. 4 at 3; Doc. 10 at 3).

The magistrate judge found that Petitioner's claims concerning his plea, the conduct of the prosecutor, and that his counsel was constitutionally ineffective are all challenges to the validity of his conviction or sentence and could only be asserted in a motion to vacate under 28 U.S.C. § 2255.  (R&R at 19).  This court lacks subject-matter jurisdiction to hear Petitioner's claims that must be brought in a motion under § 2255, which would have to be filed in the district court that imposed the sentence, *i.e.*, the Eastern District of Tennessee.  *See* 28 U.S.C. § 2255(a); *Partee v. Attorney Gen. of Georgia*, 451 F. App'x 856 (11th Cir. 2012).

In his objections, Petitioner highlights that the R&R observed that claims challenging a federal conviction or sentence must "typically" be pursued under § 2255 (R&R at 19), leading Petitioner to argue that his instant claims are cognizable in habeas because, he says, his "case is far from typical."  (Doc. 19 at 4).  However, a claim challenging the validity of a conviction or sentence must be brought in a § 2255 motion unless the prisoner shows that the claim fits within the "savings clause" of 28 U.S.C. § 2255(e), which authorizes a petition for a writ of habeas corpus where a motion under § 2255 is "inadequate or ineffective to test the legality of [a federal

2

prisoner's] detention." *See Williams v. Warden, Fed. BOP*, 713 F.3d 1332, 1337-38 (11th Cir. 2013).

The magistrate judge concluded that Petitioner had not met that burden as it relates to these claims, and that determination is correct. This court can generally entertain Petitioner's habeas petition because it challenges present physical confinement and the Northern District of Alabama was the district of confinement when Petitioner filed this action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004); *Ex parte Misuye Endo*, 323 U.S. 283, 305 (1944); *McClure v. Hopper*, 577 F.2d 938, 940 (5th Cir. 1978)[2]. Even so, for this court to possess jurisdiction to hear a claim under the savings clause, a habeas petitioner must demonstrate, among other things, that circuit precedent squarely foreclosed his federal claim at the time he might have raised it in his first § 2255 motion and that such precedent was later overturned by a decision of the United States Supreme Court. *See Samak v. Warden, FCC Coleman Medium*, 766 F.3d 1271, 1275 (11th Cir. 2014); *Bryant v. Warden, FCC Coleman–Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013).

Petitioner has made no such showing. Accordingly, the magistrate judge's findings and recommendation on these claims are adopted and accepted, with the clarification that, because the court lacks jurisdiction to hear them, they are subject to dismissal without prejudice. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1341 (11th Cir. 2005) ("[I]f the district court actually lacked jurisdiction ..., the court would have lacked the power to dismiss ... with prejudice.").

---

[2] The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The magistrate judge next concluded that Petitioner is not entitled to habeas relief based on his claim that the government created an impediment to his perfecting a § 2255 motion alleging that his counsel was ineffective. (R&R at 20, 25-26). Petitioner maintains that, because federal officials failed to place a federal detainer on him, he was released from state custody and was later re-arrested by federal officials who did not allow him to collect his legal papers and documents from his case that he would have offered to support claims alleging ineffective assistance of counsel. As a result, he says, those papers were lost or destroyed. In his objections, Petitioner asserts that such "impediment occurred *after* [his §] 2255 [motion] was filed and after [he] was granted a [certificate of appealability, *see* 28 U.S.C. § 2253(c),] to the [Sixth] Circuit Court of Appeals" as it related to a § 2255 motion Petitioner had filed in the Eastern District of Tennessee. (Doc. 19 at 3 (emphasis original)). "Thus," he argues, he "could of no way raised the issue in [his] initial [§] 2255 [motion]." (*Id.*)

Petitioner's objection misconceives the primary basis of the R&R's rejection of this claim, which was not that Petitioner could have raised this claim in his prior § 2255 motion. Rather, the R&R concludes that Petitioner has failed to sufficiently articulate the factual basis of this claim or show how he was actually prejudiced. (*Id.*) The court concludes that, contrary to Petitioner's assertions, that is still the state of things. Perhaps more to the point, even assuming for the sake of argument that the government did violate Petitioner's due process rights in connection to his pursuit of relief under § 2255 (which, again, Petitioner has not shown), that would not entitle him to habeas relief. A constitutional deprivation occurring in the course of a § 2255 motion or another collateral proceedings is not itself grounds to grant a writ of habeas corpus, because such a violation does not impugn the validity of the underlying conviction or

4

sentence.  *See Carroll v. Secretary, Fla. DOC*, 574 F.3d 1354 (11th Cir. 2009); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).  The magistrate judge correctly determined that this claim is due to be denied.

Finally, the magistrate judge turned aside additional claims related to the execution of his sentence.  These included: (1) a challenge to the right of federal authorities to take him into custody to serve his instant sentence after they failed to put a detainer on him while he was serving a state sentence, which allowed Petitioner to be out of custody for approximately two weeks (R&R at 20-23), and (2) a claim alleging that he was entitled to a *nunc pro tunc* designation for credit on his current federal sentence for time spent in the custody of Tennessee state officials (id. at 23-25).  While Petitioner has responded to the magistrate judge's rejection of these claims, these objections are sufficiently resolved by the discussion of them in the R&R.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by Petitioner, the court finds that the magistrate judge's findings are due to be and are hereby ADOPTED and the recommendation is ACCEPTED, as set forth above.  Petitioner's objections are OVERRULED.  Accordingly, the petition for writ of habeas corpus is due to be DENIED.  A separate Final Judgment will be entered.

DONE and ORDERED this 3rd day of February, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE